IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**COYE BOND TAYLOR,**

          **Petitioner,**

          **v.**                              **CIVIL ACTION NO. 5:08cv87**

**WILLIAM FOX, Warden,**

          **Respondent.**

**REPORT AND RECOMMENDATION**
**28 U.S.C. § 2254**

### I. INTRODUCTION

On March 17, 2008, *pro se* petitioner, Coye Bond Taylor [hereinafter referred to as"Taylor"] filed a Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

This matter is pending before me for initial review and report and recommendation pursuant to Standing Order of Reference for Prisoner Litigation Filed Pursuant to 28 U.S.C. §2254 (Standing Order No. 5), LR PL P 83.13.

### II. FACTS

#### A. Conviction

On February 24, 1997, following a jury trial, Taylor was found guilty of Sexual Assault in the Second Degree; Sexual Abuse in the First Degree; and Sexual Abuse by a Parent/Guardian/Custodian. On May 9, 1997, he was sentenced to a term of sixteen to forty-five years. Thereafter, Taylor filed an Appeal with the West Virginia Supreme Court of Appeals

which was refused on February 19, 1998. Taylor did not file a petition for certiorari in the United States Supreme Court.

### B. State Habeas Corpus

Taylor filed a writ of habeas corpus in the Circuit Court of Lewis County on June 19, 2000, alleging ineffective assistance of counsel at both the trial and appellate level, trial court error, and trial court misconduct. Following an evidentiary hearing, the Circuit Court denied him relief on March 31, 2006. On October 17, 2006, Taylor filed a petition for appeal with the West Virginia Supreme Court of Appeals, which was denied on January 10, 2008.

### C. Federal Habeas Corpus

**Taylor's Contentions**

Taylor raises the following ground for relief in his petition:

1. The Circuit Court of Lewis County erred in concluding that trial counsel, George Triplett, was not ineffective for failing to subpoena and preserve testimony of a key defense witness;

2. The Circuit Court of Lewis County erred in finding that trial counsel was not ineffective for conceding his client's guilt at trial;

3. The Circuit Court of Lewis County erred in finding that Mr. Taylor was not subjected to double jeopardy in violation of the 5th Amendment to the U.S. Constitution and Article III, Section 5 of the West Virginia Constitution.

4. The Circuit Court of Lewis County erred in finding that the State provided trial counsel with all exculpatory evidence.

5. The Circuit Court of Lewis County erred in finding that the State did not present perjured testimony during Mr. Taylor's trial.

6. The Circuit Court of Lewis County erred in finding that trial counsel was not ineffective when he failed to have the State's DNA evidence independently reviewed and tested.

7. The Circuit Court of Lewis County erred in finding that the trial court did not engage in ex parte communication with the prosecuting attorney prior to Mr. Taylor's criminal trial.

8. The Circuit Court of Lewis County erred in finding that Mr. Taylor received a fair trial when the prosecutor made prejudicial statements before the jury.

9. The Circuit Court of Lewis County erred in finding that original habeas counsel's failure to filed a state habeas petition did not deprive Mr. Taylor of his right to file a federal habeas petition.

### III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).

Section 2244(d)(1) provides that the period of limitation will begin to run from the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

The day of the event from which the statute of limitations begins to run is excluded in calculating the one year period. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000). In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Id. at 327. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

The limitations period under 28 U.S.C. § 2244 is an affirmative defense. A district court has the power to raise the limitations defense of § 2244 *sua sponte*. Hill v. Braxton, supra. When a federal habeas court, prior to trial, perceives a *pro se* § 2254 petition to be untimely, and the state has not filed a motion to dismiss based on the one-year statute of limitations period, the court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation, unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1). Id.

Taylor does not assert that the Government impeded the filing of his §2254 petition, that the Supreme Court created a newly recognized constitutional right which was made retroactive or that there are newly discovered facts. Therefore, the date on which Taylor's judgment became final is relevant in determining the statute of limitations.

Taylor was sentenced on May 19, 1997, and the West Virginia Supreme Court denied his Appeal on February 19, 1998. He did not file a petition for certiorari in the United States

Supreme Court. Therefore, Bolin's conviction became final on May 20, 1998, the date the time for filing a petition for certiorari expired. Consequently, Taylor had one year from May 20, 1998, or until May 20, 1999, to file a §2254 petition. Taylor did not take any action between May 20, 1998, and May 20, 1999. In fact, Taylor did not file his state habeas petition until June 19, 2000, after the one year limitations period had ended. Thus, Taylor's June 19, 2000 habeas petition did not toll the one year limitations period. Therefore, because the statute of limitations had expired on May 20, 1999, and there is no event which tolled the statute of limitations, Taylor filed his §2254 petition nearly (9) years after the statute of limitations had expired and is, therefore, untimely.

The undersigned recognizes that the time limit to file a §2254 petition is a statute of limitations; therefore, it is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). However, "[e]quitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.' Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(internal citations omitted).

Taylor appears to argue that his counsel's negligence in failing to file a state habeas petition in a timely fashion after his appointment on May 18, 1999, justifies tolling the statute of limitations. However, the circuit courts have held that a lawyer's mistake or negligence is not justification for equitable tolling. *See* Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999) (holding that attorney's mistake in calculating limitations periods did not toll the one year statute

of limitations); Sandvik v. United States, 177 F.3d 1269, 1271-72 (11th Cir. 1999) (holding that no grounds for equitable tolling existed when the delay occurred because Sandvik's attorney mailed the §2255 petition by ordinary mail instead of express mail); Gilbert v. Secretary of Health and Human Services, 51 F.3d 254, 257 (Fed. Cir. 1995)(holding that the negligence of Gilbert's attorney in reading the applicable statute did not justify equitable tolling). Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir.2000)(holding that "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding.) Furthermore, there is no constitutional right to counsel in state post conviction proceedings. Coleman v. Thompson, 501 U.S.722, 752 (1991). Accordingly, the failure of Taylor's attorney to file a state habeas petition prior to the expiration of the § 2554 statute of limitations does not present an extraordinary circumstance to justify tolling the statute of limitations.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition of Taylor filed pursuant to 28 U.S.C. §2254 be DENIED and DISMISSED WITH PREJUDICE because it is untimely.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th

Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984)

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the Taylor by certified mail, return receipt requested, to his last know address as shown on the docket sheet.

Dated: June 19, 2008.

   /s/ James E. Seibert
**JAMES E. SEIBERT**
**UNITED STATES MAGISTRATE JUDGE**