IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

COYE BOND TAYLOR,

    Petitioner,

v.                                  Civil Action No. 5:08CV87
                                            (STAMP)
WILLIAM FOX, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
DECLINING TO ADOPT REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND REMANDING FOR EVIDENTIARY HEARING
ON ISSUE OF EQUITABLE TOLLING**

I. Background

The pro se[1] petitioner, Coye Bond Taylor, an inmate at Saint Marys Correctional Center, was convicted on May 9, 1997, of sexual assault in the first degree, sexual assault in the second degree, and sexual abuse by a parent, guardian or custodian. The petitioner was sentenced in the Circuit Court of Lewis County, West Virginia, to a term of 16-45 years. The petitioner filed a direct appeal, which the West Virginia Supreme Court of Appeals refused on February 18, 1998.

Thereafter, on June 19, 2000, the petitioner filed a petition for post-conviction habeas corpus relief in state court. That petition was denied on March 31, 2006. The petitioner then appealed the denial of his habeas corpus relief on all grounds,

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

which the West Virginia Supreme Court of Appeals refused on January 10, 2008.

On March 17, 2008, the petitioner filed the current petition before this Court under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. The petitioner asserts nine grounds for relief, arguing that the Circuit Court of Lewis County erred in finding (1) that trial counsel, George Triplett, was not ineffective for failing to subpoena and preserve testimony of a key defense witness; (2) that trial counsel was not ineffective for conceding the petitioner's guilt at trial; (3) that the petitioner's constitutional protection against double jeopardy was not violated; (4) that state prosecutors turned over all exculpatory evidence to trial counsel; (5) that the State did not present perjured testimony during the petitioner's trial; (6) that trial counsel did not provide ineffective assistance by failing to have the State's DNA evidence independently reviewed and tested; (7) that the trial court did not engage in ex parte communication with the prosecuting attorney before trial; (8) that the prosecutor's statements to the jury did not prejudice the petitioner depriving him of a fair trial; and (9) that the failure of his state habeas counsel, R. Russell Stobbs, to file a state habeas petition did not deprive the petitioner of his right to file a federal habeas petition.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 83.09, et seq., this case was

referred to United States Magistrate Judge James E. Seibert for an initial review and for a report and recommendation on disposition of this matter. Magistrate Judge Seibert issued a report and recommendation recommending that the respondent's motion to dismiss be granted, and that the petitioner's § 2254 petition be denied and dismissed with prejudice because it is untimely. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The petitioner filed timely objections. For the reasons set forth below, this Court declines to adopt the report and recommendation of the magistrate judge and remands this action for an evidentiary hearing on the issue of equitable tolling.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because objections have been filed in this case, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

III. Discussion

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitation period within which any federal habeas corpus motion must be filed. 28 U.S.C. § 2244(d). Specifically, the AEDPA provides, in pertinent part, that:

> The limitation period shall run from the last of:
>
> A.  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B.  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C.  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D.  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). The magistrate judge applied the statute of limitations to the present case and found that the petitioner failed to file his federal habeas petition within the prescribed time limit. Specifically, the magistrate judge found that the petitioner's federal habeas petition is untimely because the petitioner filed his federal habeas petition on March 17, 2008, approximately nine years after the petitioner's time to file a

federal habeas petition expired on May 20, 1999.[2] The magistrate judge also found that the petitioner is not entitled to equitable tolling based on allegations that his counsel negligently failed to file a timely habeas petition in state court after counsel was retained.

In his objections, the petitioner argues that the magistrate judge erred by finding that equitable tolling is not applicable to this case because the conduct of the petitioner's counsel constitutes egregious conduct warranting equitable tolling of the statute of limitations. "Equitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)). To be entitled to equitable tolling, a time-barred petitioner must show "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id.

---

[2]The magistrate judge determined that although the petitioner filed a state habeas petition, that petition was filed more than one year after the petitioner's conviction became final on May 20, 1999. Accordingly, the statute of limitations imposed by AEDPA was not tolled by the filing of the state habeas petition because the AEDPA time limit had already run by the time the state habeas petition was filed. Therefore, the magistrate judge correctly concluded that the petitioner's federal habeas petition was filed approximately nine years after the statute of limitations.

Generally, courts have held that mistake or neglect of counsel does not justify equitable tolling. See Rouse v. Lee, 339 F.3d 238, 246-47 (4th Cir. 2003) (citing cases); Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir. 2000) (attorney's misinterpretation of statute of limitations does not constitute extraordinary circumstance warranting equitable tolling). However, at least two district courts in this circuit have determined that equitable tolling may be justified when the conduct of a petitioner's attorney is elevated from simple attorney misconduct to egregious misconduct by taking no action at all on the petitioner's habeas petition despite assurances to the contrary. See Goedeke v. McBride, 437 F. Supp. 2d 590, 598 (S.D. W. Va. 2006) (applying equitable tolling upon a finding that conduct of petitioner's attorney was egregiously negligent and that petitioner had counsel "in name only"); McLaughlin v. Lee, No. 5:99-HC-436, 2000 WL 34336152 (E.D.N.C. Oct. 17, 2000) (unpublished) (finding equitable tolling justified on ground that petitioner's counsel took no action at all on habeas petition).

In this case, ground nine of the petition asserts that his court-appointed counsel in the state habeas proceedings took no action between the time he was appointed, in May 1998, and the time the petitioner filed a state habeas corpus petition pro se in June 2000. In the petition before this Court, the petitioner makes no claim of egregious conduct on the part of his counsel, nor does he set forth any factual allegations which would support a finding of

egregious conduct. However, in his objections to the magistrate judge's report and recommendation, the petitioner claims that his counsel's conduct was egregious and that his counsel "constantly reassured the Petitioner for a period of more than two (2) years that he was working on the Petitioner's State habeas corpus petition." (Objections to Report and Recommendation of Mag. J. at 2.) The Court finds the record before it insufficient to determine whether the conduct of the petitioner's counsel constitutes simple negligence or egregious misconduct. Accordingly, the Court will decline to adopt the report and recommendation of the magistrate judge and finds that the case should be remanded to the magistrate judge for further development of the record and recommended disposition on the issue of equitable tolling based upon egregious attorney misconduct.

## IV. Conclusion

Based upon a de novo review of the record, this Court DECLINES to adopt the report and recommendation of the magistrate judge and REMANDS this action for further proceedings consistent with this opinion.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail, to counsel of record herein and to United States Magistrate Judge James E. Seibert.

DATED:      July 1, 2009

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE