IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**COYE BOND TAYLOR,**

    Petitioner,

v.          CIVIL ACTION NO. 5:08-CV-87

**WILLIAM FOX, Warden,**

    Respondent.

### REPORT AND RECOMMENDATION
### 28 U.S.C. § 2254

### I. INTRODUCTION

On March 17, 2008, *pro se* petitioner, Coye Bond Taylor [hereinafter referred to as "Taylor"] filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.[1] On June 19, 2008, this Court issued a Report and Recommendation that the petition be dismissed as untimely.[2] Thereafter, Petitioner filed objections to the Report and Recommendations raising for the first time the issue of equitable tolling.[3] On July 1, 2009, the District Court issued a Memorandum Opinion and Order Declining to Adopt Report and Recommendation of Magistrate Judge and Remanding for Evidentiary Hearing on Issue of Equitable Tolling.[4] On October 27, 2009, an evidentiary hearing and argument was held on the

---

[1] Doc. No. 1.

[2] Doc. No. 15.

[3] Doc. Nos. 17 & 18.

[4] Doc. No. 20.

1

issue of equitable tolling.[5]

## II. FACTS

On February 24, 1997, following a jury trial, Taylor was found guilty of Sexual Assault in the Second Degree; Sexual Abuse in the First Degree; and Sexual Abuse by a Parent/Guardian/Custodian. On May 9, 1997, he was sentenced to a term of sixteen to forty-five years. Taylor filed an Appeal with the West Virginia Supreme Court of Appeals, which was refused on February 19, 1998. Taylor did not file a petition for certiorari in the United States Supreme Court.

On June 19, 2000, Petitioner filed a petition for post-conviction habeas corpus relief in state court. That petition was denied on March 31, 2006. Petitioner then appealed the denial of his habeas corpus relief on all grounds, which the West Virginia Supreme Court of Appeals refused on January 10, 2008.

On March 17, 2008, Petitioner filed the current petition before this Court under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. Petitioner asserts nine grounds for relief, arguing that the Circuit Court of Lewis County erred in finding:

> (1) that trial counsel, George Triplett, was not ineffective for failing to subpoena and preserve testimony of a key defense witness;
> (2) that trial counsel was not ineffective for conceding Petitioner's guilt at trial;
> (3) that Petitioner's constitutional protection against double jeopardy was not violated;
> (4) that state prosecutors turned over all exculpatory evidence to trial counsel;
> (5) that the State did not present perjured testimony during Petitioner's trial;
> (6) that trial counsel did not provide ineffective assistance by failing to have the State's DNA evidence independently reviewed and tested;
> (7) that the trial court did not engage in ex parte communication with the prosecuting attorney before trial;

---

[5] Doc. No. 33.

(8) that the prosecutor's statements to the jury did not prejudice Petitioner depriving him of a fair trial; and

(9) that the failure of his state habeas counsel, R. Russell Stobbs, to file a state habeas petition did not deprive Petitioner of his right to file a federal habeas petition.

### III. ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act, enacted in 1996, established a one-year limitation period to file a federal habeas corpus petition. 28 U.S.C. § 2244(d). Specifically, section 2244(d)(1) provides that the period of limitation will begin to run from the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time limitation specified in section 2244(d)(1) is subject to equitable tolling. Harris v. Hutchinson, 209 F.3d 325, 329-30 (4th Cir. 2000). However, invocation of equitable tolling is "reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross

injustice would result." Id. at 330. Thus, "equitable tolling 'is appropriate when, but only when, extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.'" Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (quoting Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001)) (internal citations omitted). To determine which situations qualify as extraordinary circumstances, the Fourth Circuit has adopted an "extraordinary circumstances" test: whether (1) extraordinary circumstance exist (2) beyond the petitioner's control or external to his own conduct (3) that prevented the petitioner from filing on time. Id.

"Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. (See also Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). "In the Fourth Circuit, attorney negligence in interpreting the AEDPA's statute of limitations does not constitute the extraordinary circumstances necessary to warrant equitable tolling." Goedeke v. McBride, 437 F.Supp.2d 590, 596 (S.D. W.V. 2006). Nor does ignorance of the law constitute a basis for equitable tolling. U.S. v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

Taylor argues that he is entitled to equitable tolling "as a means to offset the failure of his court-appointed state habeas corpus attorney to timely file his State Petition."[6] Specifically, Petitioner alleges that his "court-appointed habeas counsel, R. Russell Stobbs, constantly reassured the Petitioner for a period of **more than two (2) years** that he was working on the Petitioner's State habeas corpus petition. However, during that 2-year period, Mr. Stobbs did not actually file a single document in the State Circuit Court on behalf of the Petitioner."[7] The

---

[6] Doc. No. 17, P. 1.

[7] Doc. No. 17, P. 2.

4

State contends that Taylor is not entitled to equitable tolling because the facts fail to show any attorney misconduct exceeding general negligence to meet the extraordinary circumstances test.

This Circuit has held that mistakes by counsel are generally not sufficient to present extraordinary circumstances under step one of the three-part test. See Harris, 209 F.3d at 331 ("In short, a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstances beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding.") See also Rouse, 339 F.3d at 248-49. This holding is consistent with the majority of other Circuits. See Merritt v. Blaine, 326 F.3d 157, 169 (3d Cir. 2003) (applying the general rule that attorney error, miscalculation, inadequate research, or other mistakes do not rise to the level of extraordinary circumstances); Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling"); Fierro v. Cockrell, 294 F.3d 674, 682-83 (5th Cir. 2002) ("[N]either 'excusable neglect' nor ignorance of the law is sufficient to justify equitable tolling. . . . [C]ounsel's erroneous interpretation of the statute of limitations provision cannot by itself excuse the failure to file [the] habeas petition in the district court within the one-year limitations period.") (citing Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) ("[W]e have made it clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling")); Smaldone v. Senkowski, 273 F.3d 133, 138-39 (2d Cir. 2001) (attorney's mistaken belief that the tolling period reset after each state collateral appeal did not constitute extraordinary circumstances to warrant equitable tolling); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (miscalculation of the limitations period and general negligence by

counsel do not constitute extraordinary circumstances to warrant equitable tolling); Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999) (counsel's miscalculation of limitations period was not a valid basis for equitable tolling); Sandvik v. U.S., 177 F.3d 1269, 1272 (11th Cir. 1999) (attorney's use of general mail to send a petition less than a week before it was due did not warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (extraordinary circumstances not present where the jail "lacked all relevant statutes and case law" and "the procedure to request specific materials was inadequate"); Gilbert by Gilbert v. Sec. of Health & Human Servs., 51 F.3d 254, 257 (Fed. Cir. 1995) (counsel's negligence did not justify applying equitable tolling).

Under step two of the Fourth Circuit's three-part test, the errors must be external to petitioner's conduct. In Rouse, petitioner argued that the errors of his counsel were external to his conduct because he did not participate in their decisions. Rouse, 339 F.3d at 249. The Fourth Circuit rejected this argument finding that "[f]ormer counsel's errors are attributable to [petitioner] not because he participated in, ratified, or condoned their decisions, but because they were his agents, and their actions were attributable to him under standard principles of agency." Rouse, 339 F.3d at 349.

The facts of this case are not sufficient to meet either step one or step two of the Fourth Circuit's three-part test. Under step one, Mr. Stobbs' conduct does not rise to the level of an extraordinary circumstance to warrant equitable tolling. Mr. Stobbs testified he was not aware of the federal statute of limitations. Lack of knowledge of the law does not justify equitable tolling. See Fierro, 294 F.3d at 682-83; see also Coleman, 184 F.3d at 402. In Rouse, the petitioner's counsel knew of the limitation, yet miscalculated the deadline. Id. at 348. Similarly, in Harris,

6

petitioner's counsel misread and misinterpreted the statutory provisions and missed the deadline. Harris, 209 F.3d at 330. Certainly, knowing of a statute of limitations and failing to file the petition on time is more egregious than not knowing of the law in the first place. See Sosa, 364 F.3d at 512 ("ignorance of the law is not a basis for equitable tolling").

Similarly, Taylor cannot meet step two of the three-part test. In Rouse, the Court found that even though the petitioner did not participate in, ratify, or condone the decisions of his counsel, the actions were not external to the petitioner's conduct because his attorneys acted in an agent capacity. Taylor actually participated with Mr. Stobbs in preparing the petition. Both Mr. Stobbs and Taylor testified that Taylor received the Losh Checklist, and Taylor testified to taking the checklist to review it at his own leisure. Further, Mr. Stobbs testified that Taylor never signed the checklist because the two could not agree on grounds to assert in the petition. Mr. Taylor verified this testimony, stating that he did suggest grounds for the petition. Therefore, Taylor's behavior actually exceeded the relevant agency principles because Taylor actively participated in the petition process.

Further, Taylor testified to both seeing signs on the jailhouse walls displaying the one-year statute of limitations for federal habeas petitions and hearing from "jailhouse lawyers" about the existence of the federal statute of limitations. Despite this awareness and active participation in the petition process, Taylor failed to inform Mr. Stobbs or inquire further about the statute of limitations. This behavior suggests that the circumstances were not external to the petitioner's conduct because Taylor was aware of the statute and could have approached Mr. Stobbs to inquire about the statute yet failed to do so. This conduct cannot be rewarded with the application of equitable tolling.

In arguing that he is entitled to equitable tolling, Taylor relies on Goedeke v. McBride, 437 F.Supp.2d 590 (S.D. W.V. 2006) and McLaughlin v. Lee, 2000 WL 34336152 (E.D. N.C. 2000). In Goedeke, the Court found that equitable tolling applied because petitioner's counsel "failed to represent his client over the course of six years despite constantly telling his client otherwise." Goedeke, 437 F.Supp.2d at 598. Specifically, the Court found counsel made "repeated false assurances" that led the petitioner to believe his petition would be completed. The Court also found counsel's "claims that he arduously was working on Mr. Goedeke's petition throughout the six-year period incredible" because the state introduced no evidence to show that counsel worked on the case other than short letters to the petitioner relaying that progress was being made. Id.

The Court in McLaughlin followed a similar line of reasoning finding that the principle of equitable tolling applied. Concluding that the petitioner's circumstances were beyond his control and sufficiently extraordinary for equitable tolling to apply, the Court found that despite being appointed eight months prior to the statute's expiration, counsel met with petitioner only once, and at the statute's deadline, counsel "failed to take the basic, preliminary steps in pursuing Petitioner's post-conviction relief:" counsel had not received the complete files from trial counsel, had not met with trial counsel to discuss the case, had not obtained a complete trial transcript, and failed to return any phone calls related to the matter. McLaughlin, at 3. Similar to the Court in Goedeke, the Court concluded that counsel failed to take any action at all. Id.

The facts of this case are distinguishable from the cases upon which Taylor relies. First, unlike the circumstances in Goedeke, Taylor failed to ask Mr. Stobbs about the federal statute of limitations. In Goedeke, petitioner filed an ethics complaint stating that "on multiple occasions

8

he asked [counsel] whether a deadline existed for filing a federal habeas petition, and each time [counsel] told him that no deadline existed." Goedeke, 437 F.Supp.2d at 594. Not only did Taylor fail to ask, but Mr. Stobbs had no knowledge of the federal statute of limitations. Therefore, under Sosa, Rouse, and the law of other circuits, Mr. Stobbs' failure to act does not constitute an extraordinary circumstance external to Taylor's conduct. Second, and unlike the situation in Goedeke, Taylor actually had some knowledge of the federal statute of limitations but failed to act on his knowledge. Third, and unlike the circumstances in both Goedeke and McLaughlin, Mr. Stobbs actually performed some work for Taylor. Both Mr. Stobbs and Taylor testified to discussing the Losh Checklist and the grounds for filing the petition and meeting anywhere between three to four times with each other. Further, Mr. Stobbs testified to reviewing the transcripts and sending copies to Taylor for his review, which Taylor acknowledged receiving. This is corroborated by Mr. Stobbs' vouchers, which clearly show that he indeed worked on the case.[8] Though Mr. Stobbs testified to his voucher being incomplete, due to its completion nearly two years after his dismissal from the case, the voucher shows that he visited Taylor, conducted research, worked on the petition, and wrote letters to Taylor. This alone is enough to prove that Mr. Stobbs did more than enough work on the case to distinguish his actions from the non-actions of the attorneys in both Goedeke and McLaughlin.

Accordingly, under the facts and circumstances of this case, Mr. Stobbs' actions constitute general negligence and such extraordinary circumstances beyond the control of Taylor preventing him from complying with the statutory time limit do not exist to warrant equitable tolling.

---

[8] Doc. No. 34.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition of Taylor filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** because it is untimely and the facts and circumstances are not extraordinary to warrant equitable tolling.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record via electronic means.

DATED: November 23, 2009

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE