IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

COYE BOND TAYLOR,

    Petitioner,

v.                                Civil Action No. 5:08CV87
                                      (STAMP)

WILLIAM FOX, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING THE REPORT
AND RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The petitioner, Coye Bond Taylor, an inmate at Saint Marys Correctional Center, was convicted on May 9, 1997, of sexual assault in the first degree, sexual assault in the second degree, and sexual abuse by a parent, guardian or custodian. The petitioner was sentenced in the Circuit Court of Lewis County, West Virginia, to a term of 16-45 years. The petitioner filed a direct appeal, which the West Virginia Supreme Court of Appeals refused on February 18, 1998.

Thereafter, on June 19, 2000, the petitioner filed a petition for post-conviction habeas corpus relief in state court. That petition was denied on March 31, 2006. The petitioner then appealed the denial of his habeas corpus relief on all grounds, which the West Virginia Supreme Court of Appeals refused on January 10, 2008.

On March 17, 2008, the petitioner filed the current petition before this Court under 28 U.S.C. § 2254 for a writ of habeas

corpus by a person in state custody. The petitioner asserts nine grounds for relief, arguing that the Circuit Court of Lewis County erred in finding (1) that trial counsel, George Triplett, was not ineffective for failing to subpoena and preserve testimony of a key defense witness; (2) that trial counsel was not ineffective for conceding the petitioner's guilt at trial; (3) that the petitioner's constitutional protection against double jeopardy was not violated; (4) that state prosecutors turned over all exculpatory evidence to trial counsel; (5) that the State did not present perjured testimony during the petitioner's trial; (6) that trial counsel did not provide ineffective assistance by failing to have the State's DNA evidence independently reviewed and tested; (7) that the trial court did not engage in ex parte communication with the prosecuting attorney before trial; (8) that the prosecutor's statements to the jury did not prejudice the petitioner depriving him of a fair trial; and (9) that the failure of his state habeas counsel, R. Russell Stobbs, to file a state habeas petition did not deprive the petitioner of his right to file a federal habeas petition.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 83.09, et seq., this case was referred to United States Magistrate Judge James E. Seibert for an initial review and for a report and recommendation on disposition of this matter. Magistrate Judge Seibert issued a report and recommendation recommending that the respondent's motion to dismiss

be granted, and that the petitioner's § 2254 petition be denied and dismissed with prejudice because it is untimely. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The petitioner filed timely objections.

In the petition before this Court, the petitioner made no claim of egregious conduct on the part of his counsel, nor did he set forth any factual allegations which would support a finding of egregious conduct. However, in his objections to the magistrate judge's report and recommendation, the petitioner claimed that his counsel's conduct was egregious and that his counsel "constantly reassured the Petitioner for a period of more than two (2) years that he was working on the Petitioner's State habeas corpus petition." This Court found the record before it insufficient to determine whether the conduct of the petitioner's counsel constituted simple negligence or egregious misconduct. Accordingly, the Court declined to adopt the report and recommendation of the magistrate judge and found that the case should be remanded to the magistrate judge for further development of the record and recommended disposition on the issue of equitable tolling based upon egregious attorney misconduct.

The magistrate judge appointed counsel for the defendant and held an evidentiary hearing. Thereafter, the magistrate judge

3

issued a second report and recommendation, recommending that this Court deny the petitioner's petition and dismiss this civil action with prejudice for untimeliness. The magistrate judge found that the facts and circumstances were not extraordinary to warrant equitable tolling. The petitioner filed timely objections, arguing that his underlying attorney's conduct went beyond simple negligence and that it is reasonable for a client to expect that an attorney can file a habeas petition within two years. The defendant next argues that the agency relationship between the attorney and the client does not preclude equitable tolling. The petitioner further believes that he should not be faulted for not asking his attorney about the statute of limitations. Finally, the petitioner argues that the report and recommendation fails to give adequate weight to the underlying attorney's admonitions to the petitioner to not pay attention to any "jailhouse lawyers." The respondent filed a response to the petitioner's objections.

After a <u>de novo</u> review, as set forth in more detail below, this Court finds that the facts do not warrant equitable tolling. Therefore, the petitioner's petition must be dismissed as it is untimely and this civil action must be dismissed with prejudice.

## II. <u>Applicable Law</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a

magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because objections have been filed in this case, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitation period within which any federal habeas corpus motion must be filed. 28 U.S.C. § 2244(d). Specifically, the AEDPA provides, in pertinent part, that:

> The limitation period shall run from the last of:
>
> A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). It is undisputed that the petitioner failed to file his habeas petition within the time limit provided in the statute. The petitioner filed his petition on March 17, 2008,

approximately nine years after the deadline for filing of May 20, 1999.[1]  "Equitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" <u>United States v. Sosa</u>, 364 F.3d 507, 512 (4th Cir. 2004) (quoting <u>Rouse v. Lee</u>, 339 F.3d 238, 246 (4th Cir. 2003)).  To be entitled to equitable tolling, a time-barred petitioner must show "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time."  <u>Id.</u>

The magistrate judge correctly noted that attorney negligence does not constitute the extraordinary circumstances required for step one of the test. <u>Harris v. Hutchinson</u>, 209 F.3d 325, 331 (4th Cir. 2000).  A "counsel's errors are attributable to [the petitioner] not because he participated in, ratified, or condoned their decisions, but because they were his agents, and their actions were attributable to him under standard principles of agency." <u>Rouse</u>, 339 F.3d at 249.  The rationale for this rule is that there is no constitutional right to counsel during a federal habeas proceeding.  <u>Goedeke v. McBride</u>, 437 F. Supp. 2d 590, 596

---

[1]This Court found in its opinion declining to adopt the first report and recommendation of the magistrate judge that the magistrate judge correctly concluded that the petitioner's federal habeas petition was filed approximately nine years after the statute of limitations because the statute of limitations imposed by AEDPA was not tolled by the filing of the state habeas petition as the AEDPA time limit had already run by the time the state habeas petition was filed.

6

(S.D. W. Va. 2006) (citing Coleman v. Thompson, 501 U.S. 733, 753-54 (1991)). The magistrate judge found that the petitioner cannot meet prongs one and two of the Rouse test. The magistrate judge reasoned that lack of knowledge of the law does not justify equitable tolling and that the counsel's actions were not external to the petitioner's conduct because his attorney acted in an agent capacity. Magistrate Judge Seibert further distinguished the present civil action from Goedeke.

After a de novo review, this Court agrees with the magistrate judge that the court appointed habeas counsel's conduct does not amount to an extraordinary circumstance. The doctrine of equitable tolling "is discretionary and 'turns on the facts and circumstances of a particular case,'" thus, "'equitable tolling does not lend itself to bright-line rules' of application." Id. (quoting Harris, 209 F.3d at 330). Judge Goodwin, in Goedeke, distinguished the facts of the case before him from prior Fourth Circuit cases. The law in this Circuit is clear that lack of knowledge of the law cannot justify equitable tolling. See Sosa, 364 F.3d at 512 ("[I]gnorance of the law is not a basis for equitable tolling"). Whether the petitioner believes that it was reasonable to rely on his attorney's advise is irrelevant. See Murray v. Carrier, 477 U.S. 478, 488 (1986) ("[A] defendant [who] is represented by counsel whose performance is not constitutionally ineffective . . . bear[s] the risk of attorney error . . . ."). This Court finds that failure to file for lack of understanding of the statute of

7

limitations does not rise to the level of egregiousness required for the first prong of the Rouse test and the petitioner's objection as to whether the attorney's actions constitute extraordinary circumstances is overruled.  Id.

The petitioner's objection that his attorney's conduct was external to his conduct because he did not participate in the decision making process is also without merit.  As mentioned above, in this Circuit, an attorney's actions are attributable to the client under the principles of agency, not because the client somehow participated in or ratified the attorney's choices.  Rouse, 339 F.3d at 249.  Whether the petitioner participated in the decision making is irrelevant.  Id. at 250 n.13.  Lack of knowledge of the statute of limitations does not excuse untimeliness.  Sosa, 364 F.3d at 512.  Because this Court concludes that the attorney's conduct was not external to the petitioner's conduct, the petitioner cannot meet the second prong of the Rouse test.

The petitioner's final objection is that the magistrate judge faulted him for following his attorney's advise not to speak with "jailhouse lawyers" about his petition.  This Court agrees with the magistrate judge that it cannot reward the petitioner's conduct of ignoring signs displaying the one-year statute of limitations and ignoring "jailhouse lawyers" informing him of the one-year statute of limitations by applying equitable tolling.  In contrast to the petitioner in Goedeke who repeatedly asked his attorney about the existence of a statute of limitations, the petitioner in this case

did not ask his attorney despite being aware of a possible statute of limitations. Accordingly, the petitioner's objection is overruled.

This Court concludes that the petitioner's petition is untimely and that the fact of this case do not warrant equitable tolling. Therefore, the petitioner's petition must be denied and this civil action must be dismissed with prejudice.

## IV. Conclusion

Based upon a de novo review of the record, this Court adopts and affirms the report and recommendation of the magistrate judge. Accordingly, the petitioner's petition filed pursuant to 28 U.S.C. § 2254 is DENIED. It is also further ORDERED this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the

constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 26, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE